Fred Hickman (# 124406)
  fhickman@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
301 N. Lake Avenue, Suite 1100
Pasadena, California  91101-4158
Telephone:  (626) 535-1900
Facsimile:  (626) 577-7764

Attorneys for Defendant
FCI LENDER SERVICES, INC., a
Cal. corp.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROOKS, LAURA BROOKS,<br><br>                Plaintiffs,<br><br>        v.<br><br>FC1 LENDER SERVICES, INC, a<br>Corporation; MDJ PROPERTIES, LLC, a<br>Limited Liability Company; BUCKS<br>FINANCIAL, LLC, a Limited Liability<br>Company; SN SERVICING CORPORATION,<br>a Corporation; MADISON MANAGEMENT<br>SERVICES, LLC, a Limited Liability<br>Company; CALIFORNIA TD SPECIALISTS;<br>HOMECOMING FINANCIAL, LLC, a<br>Limited Liability Company; OCWEN LOAN<br>SERVICING<br>AND DOES 1 TO 50<br><br>                Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL BY<br>DEFENDANT FCI LENDER SERVICES,<br>INC. PURSUANT TO 28 U.S.C. §§ 1441(b)<br>& 1331**<br><br>**[FEDERAL QUESTION]** |

TO PLAINTIFFS, THE CLERK OF THE ABOVE-ENTITLED COURT, AND THE

HONORABLE UNITED STATES DISTRICT JUDGE, AS ASSIGNED:

PLEASE TAKE NOTICE that defendant FCI LENDER SERVICES, INC., a Cal. corp.

("FCI") hereby provides this Notice of Removal pursuant to U.S.C. §§ 1441(b) and 1331, based

on federal question jurisdiction.  The action is hereby removed to this Court from the Superior

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

NOTICE OF REMOVAL

Court of the State of California, as more particularly set forth below.

## 1.   THE STATE COURT ACTION

On October 6, 2016, plaintiffs John Brooks and Laura Brooks ("plaintiffs") commenced an action in the Superior Court of the State of California for the County of Placer, Case No. SCV0038498 (the "State Court Action").

Defendant FCI has not appeared in the State Court Action. No other defendants have appeared in the state court action, according to the clerk of the court as of Oct. 28, 2016. Nor have any defendants but FCI been served with process, according to the information that this counsel has been able to obtain, by investigation.

A copy of the complaint filed in the State Court Action is attached hereto as **Exhibit A**. Attached collectively hereto as **Exhibit B** are all other documents filed in the State Court Action which are in Wells Fargo's possession. The file at the Superior Court is not in the clerk's office, but in the courtroom, and no electronic versions are kept by the clerk for parties to access, so if there are any other papers on file in this action, this removing party does not have them, and the clerk of the court advised that copies were not allowed to be made from a file that is in the assigned courtroom. So no other papers in this action, if any exist, are available to this removing party, FCI.

## 2.   FEDERAL QUESTION

**A.   Legal Standard for Removal Under Federal Question Jurisdiction**

Cases filed in state court may be removed to federal court where the district court has original subject matter jurisdiction over the case.  28 U.S.C. § 1441(a).  District courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.

"The existence of federal question jurisdiction is ordinarily determined from the face of the complaint."  *Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).  Under the well-pleaded complaint rule, a defendant may remove a case to federal court if "the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (emphasis

NOTICE OF REMOVAL

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   omitted); *see also, Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating that federal

2   jurisdiction is appropriate when it is presented on the face of plaintiff's well-pleaded complaint);

3   *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (same).

4          A case "arises under" federal law when the complaint "establishes either that federal law

5   creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution

6   of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.  It is well-

7   established that a single claim over which federal question jurisdiction exists is sufficient for

8   removal.  See e.g., *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005); *City*

9   *of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-66 (1997).

10          Furthermore, district courts have supplemental jurisdiction over related claims.  28

11   U.S.C. § 1367(a) (providing in pertinent part that "in any civil action of which the district courts

12   have original jurisdiction, the district courts shall have supplemental jurisdiction over all other

13   claims that are so related to claims in the action within such original jurisdiction that they form

14   part of the same case or controversy under Article III of the United States Constitution"). Here,

15   plaintiffs' state law claims seem to arise from the same common nucleus of operative facts as

16   underpin the federal claims and questions.

17   **B.**     **Plaintiffs' Complaint Alleges Federal Law Violations**

18          This Court has jurisdiction of the instant action under 28 U.S.C. § 1331 because the

19   complaint contains allegations articulated in three separate claims that invoke federal statutory

20   rights which FCI (and others) purported violated: 11 U.S.C §524 (Bankruptcy Discharge

21   Injunction); 15 U.S.C. §§1601, 1692 (Fair Debt Collections Practice Act); and 15 U.S.C. §1681

22   et seq. (Fair Credit Reporting Act).  See Complaint at 11:17-22; 12:11-18; 14:5-18.

23          Plaintiff has pleaded federal questions, specifically invoking federal law, to justify three

24   causes of action. These are the following:

25          Cause 8: Alleging damages for violation of the Bankruptcy Code, specifically the

26   "discharge injunction", and citing 11 U.S.C. § 524.  (Complaint, p. 11 lines 17-22.)

27          Cause 9: Alleging damages for violation of the federal Fair Debt Collection Practices Act

28   ("FDCPA"), citing 15 U.S.C. §§ 1601 and 1692 *et seq*. based on debt collection activities on the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

3

1  allegedly discharged debt. (Complaint p. 12).

2      Cause 11: Alleging damages for violation of the federal Fair Credit Reporting Act, citing

3  15 U.S.C. § 1681 *et seq.*, alleging improper reporting, improper response to notices, and

4  improper response to alleged disputes by the consumer, Plaintiffs. (Complaint p. 13 line 23 - p.

5  15 line 11.

6      Accordingly, federal law applies because claims arising under the laws of the United

7  States, *i.e.,* "federal questions," are presented, which gives this Court jurisdiction under 28

8  U.S.C. § 1331 and makes the State Court Action removable under 28 U.S.C. § 1441(a) and (b).

9  ### 3.    TIMELINESS

10      This removal notice is timely, pursuant to 28 U.S.C. § 1446(b), because FCI received

11  service of process (*i.e.*, the summons and complaint in the State Court Action) via personal

12  service no earlier than on Oct. 12, 2016.  Defendant FCI has not appeared in the State Court

13  Action.  *Destfino v. Reiswig, ,* 630 F.3d 952, 956 (9th Cir. Cal. 2011) ("we hold that each

14  defendant is entitled to thirty days to exercise his removal rights after being served").

15      No joinders are necessary, as it appears that no other defendants have appeared in the

16  action or been served with process. FCI, through this counsel and office staff, has determined

17  that most likely no other defendant has been served, but the information is incomplete. FCI has

18  inquired, through this counsel, of the other named defendants, and of the clerk of the court in the

19  State Court Action. The electronic docket is not available presently for Placer County Superior

20  Court, but the clerk of the court advises us on our inquiry on Oct. 28, 2016 by phone that no

21  defendant has made an appearance in the action, and that there are no proofs of service of

22  process filed with the clerk, and that the clerk's internal record of the same is kept up closely to

23  date. Named defendants with whom contact has successfully been made confirm that they have

24  not been served with process: these are California TD Specialists, MDJ Properties, LLC; and KI

25  Holdings, LLC. A message has been left on the question with Bucks Financial V, LLC, SN

26  Servicing Corp., and Ocwen Loan Servicing, but no response has been forthcoming yet. Finally,

27  Homecoming Financial, LLC is believed to no longer be in business, and the number available

28  for it is out of service. Thus, there are no persons whose consent is, or appears to be, necessary to

*Anglin Flewelling Rasmussen Campbell & Trytten LLP*

NOTICE OF REMOVAL

1  provide a joinder. Likewise, No DOE defendants have been identified or served at this time.

2  Thus, no joinder of unserved defendants is required to perfect removal of the State Court Action.

3  *Salveson v. Western States Bankcard Ass'n,* 730 F.2d 1423, 1429 (9th Cir. 1984). Should any

4  served defendant have been overlooked, joinder may be provided later, as its provision at

5  removal is not a jurisdiction issue.  *Destfino, supra,*  630 F.3d at 956-957 (9th Cir. 2011) (late

6  joinder in federal question removal but prior to judgment in district court is proper).

7  **4.   INTRA-DISTRICT ASSIGNMENT**

8         This case is being removed to the Eastern District of California because the existing State

9  Court Action is pending in Placer County, California.

10  **5.   OTHER PERTINENT INFORMATION**

11        Pursuant to 28 U.S.C. § 1446(a), defendant FCI  files this removal notice in the District

12  Court of the United States for the district and division within which the State Court Action is

13  pending.

14        Pursuant to 28 U.S.C. § 1446(d), a copy of this removal notice and its attachments will

15  promptly be served on plaintiffs in the State Court Action, and notice thereof will be filed with

16  the clerk of the court for the Superior Court of California, County of Placer.

17        WHEREFORE, defendant FCI hereby removes the action in Superior Court of

18  California, County of Placer, Case No. SCV0038498 to this United States District Court for the

19  Eastern District of California.

20                                             Respectfully submitted,

21  Dated:  October 31, 2016                   ANGLIN, FLEWELLING, RASMUSSEN,
                                               CAMPBELL & TRYTTEN LLP
22

23                                             By:   */s/ Fred Hickman*
24                                                   Fred Hickman
                                                     fhickman@afrct.com
25                                             Attorneys for Defendant
                                               FCI LENDER SERVICES, INC.
26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

NOTICE OF REMOVAL

EXHIBIT A

John Brooks
Laura Brooks
1682 Chilton Dr.
Roseville, CA 95747

Ph: (916) 532-8489

Plaintiffs *in pro per*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

OCT 06 2016

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By: C. Waggoner, Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF PLACER

|  |  |
|---|---|
| JOHN BROOKS, LAURA BROOKS | Case No.: SCV0038498 |
| Plaintiffs | **VERIFIED COMPLAINT FOR DAMAGES** |
| v. | |
| FCI LENDER SERVICES, INC, a | **(JURY TRIAL DEMANDED)** |
| Corporation; MDJ PROPERTIES, LLC, a | |
| Limited Liability Company; BUCKS | |
| FINANCIAL, LLC, a Limited Liability | |
| Company; SN SERVICING CORPORATION, | |
| a Corporation;  MADISON MANAGEMENT | |
| SERVICES, LLC, a Limited Liability | |
| Company; CALIFORNIA TD SPECIALISTS; | |
| HOMECOMINGS FINANCIAL, LLC, a | |
| Limited Liability Company; OCWEN LOAN | |
| SERVICING | |
| | |
| AND DOES 1 TO 50 | |
| | |
| Defendants | |

Come now Plaintiffs above-named (collectively, "Plaintiffs"), and complain as follows:

VERIFIED COMPLAINT FOR DAMAGES

-1-

# I.

## PARTIES

At all times relevant herein Plaintiff JOHN BROOKS, is/was a natural person over the age of 18 and is/was a resident of Placer County, California.   At all times relevant herein Plaintiff LAURA BROOKS, is/was a natural person over the age of 18 and is/was a resident of Placer County, California (unless otherwise specified JOHN BROOKS and LAURA BROOKS shall be collectively referred to as "Plaintiffs").

Plaintiffs are informed and believe and thereon allege that Defendant FCI LENDER SERVICES, INC ("FCI") is and at all times relevant herein was a Corporation existing under the laws of the state of California and/or maintaining offices and its principal place of business in California.

Plaintiffs are informed and believe and thereon allege that Defendant MDJ PROPERTIES, LLC ("MDJ") is and at all times relevant herein was a Limited Liability Company existing under the laws of the state of California and/or maintaining offices and its principal place of business in California.

Plaintiffs are informed and believe and thereon allege that Defendant BUCKS FINANCIAL, LLC ("Bucks") is and at all times relevant herein was a Limited Liability Company existing under the laws of the state of California and/or maintaining offices and its principal place of business in California.

Plaintiffs are informed and believe and thereon allege that Defendant SN SERVICING CORPORATION ("SN Servicing") is and at all times relevant herein was a Corporation existing under the laws of the state of California and/or maintaining offices and its principal place of business in California.

Plaintiffs are informed and believe and thereon allege that Defendant MADISON MANAGEMENT SERVICES, LLC ("Madison") is and at all times relevant herein was a

Corporation existing under the laws of the state of California and/or maintaining offices and its

principal place of business in California.

Plaintiffs are informed and believe and thereon allege that Defendant CALIFORNIA TD

SPECIALISTS ("TD") is and at all times relevant herein was a company of unknown type

existing under the laws of the state of California and/or maintaining offices and its principal

place of business in California.

Plaintiffs are informed and believe and thereon allege that Defendant HOMECOMINGS

FINANCIAL, LLC ("Homecoming"), is a Limited Liability Company company existing under

the laws of the state of California and/or maintaining offices and its principal place of business

in California.

Plaintiffs are informed and believe and thereon allege that Defendant OCWEN LOAN

SERVICING ("Ocwen") is and at all times relevant herein was a business entity of unknown

type existing under the laws of the state of California and/or maintaining offices and its

principal place of business in California.

Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as

DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names.

Plaintiffs will amend the complaint to allege the true names and capacities when ascertained.

Plaintiffs are informed and believe and thereon allege that, at all relevant times, the Doe

Defendants were the agents for one or more unnamed third parties and that each of these

fictitiously named Defendants is liable and indebted to Plaintiffs as hereinafter alleged; that

Plaintiffs' rights against such fictitiously named Defendants arise from such liability and

indebtedness and that each of the fictitiously named defendants is responsible in some manner

for the occurrences herein alleged; that Plaintiffs' injuries as herein alleged were legally caused

by their conduct; that each of them, and the named Defendants, did agree and conspire together

to do the acts herein alleged, authorized and/or ratified said acts, and were the authorized

VERIFIED COMPLAINT FOR DAMAGES

-3-

1    agents, representatives, servants, and employees of the other and in doing the things herein

2    alleged were acting within the course and scope of said agency, representation, and/or

3    employment and in such capacity caused and/or is responsible for and, as are the named

4    defendants, is jointly and severally liable for any damages as herein alleged by Plaintiffs.

5    Plaintiffs allege that at all times relevant, each of the Defendants conspired to commit wrongs

6    against Plaintiffs, that each of the Defendants were aware of the acts of the others and either

7    contributed in the acts alleged or knew of the conspiracy and joined in it with the intent that the

8    conspiracy harm Plaintiffs.

## II.

## GENERAL ALLEGATIONS

Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

Plaintiffs are the owners of real property commonly known as 1682 Chilton Dr. Roseville, CA 95747 ("the property").

Defendant MDJ presently holds a second Deed of Trust ("the note" or "DOT") on the property. Defendants allege that Plaintiffs owe in excess of $70,000 on the note. The original note was held by Homecomings and was subsequently transferred numerous times. At some point in or around 2013, Defendant Ocwen serviced the loan on behalf of whichever entity held the note at that time.

In or around April 2015, the note was held by Defendant Bucks. On or about April 13, 2015, Plaintiffs and Bucks reached a settlement/accord and satisfaction, in which Plaintiffs agreed to pay and Bucks agreed to accept the sum of Five Thousand Dollars and no cents ($5,000.00) as full and final settlement of the Second DOT. This agreement was confirmed in writing. A true and correct copy of that writing is attached hereto.

At all times relevant, Plaintiffs had tendered performance pursuant to their obligations under the contract and have been ready, willing, able to perform.

VERIFIED COMPLAINT FOR DAMAGES

-4-

Within days of sending the confirming letter/contract, and prior to Plaintiffs' receipt of said letter, a representative from Bucks contacted Plaintiffs by phone to inform them that Bucks was breaching the agreement. Despite this, Plaintiffs tendered performance by offering to send it forthwith. Bucks specifically refused Plaintiffs' tender of performance.

In or around June 2015, Bucks sold the loan to MDJ, which said loan is now being serviced by Defendant FCI. Despite numerous meet and confer attempts, FCI and MDJ have refused to acknowledge or honor the settlement/contract.

On July 5, 2016, FCI, through TD Specialists, recorded a 90 day Notice of Default, indicating its intent to foreclose on the property. A true and correct copy of that Notice is attached hereto. 90 days has passed and Plaintiffs are informed and believe and thereon allege that a Trustee Sale is tentatively scheduled for November 2, 2016. FCI has indicated that it will record a Notice of Trustee Sale on October 5, 2016. Plaintiffs do not presently know if that was done.

On February 20, 2008, Plaintiffs filed for Chapter 7 Bankruptcy in the Eastern District of California, Case #: 08-21985. The loan held by Homecoming was specifically discharged in Bankruptcy, thus relieving Plaintiffs of personal liability thereon.

At all times relevant, including after Plaintiffs filing for Chapter 7 Bankruptcy protection, defendants, and each of them, have notified all 3 credit reporting agencies, TransUnion, Equifax, and Experian, that Plaintiffs were delinquent on the payments on the Second DOT.

In addition, Defendants, and each of them, have made countless attempts to collect on this discharged debt. In fact, every piece of correspondence received since June 2015, including the aforementioned NOD, included prominent language indicating that it was an attempt to collect a debt against Plaintiffs personally.

VERIFIED COMPLAINT FOR DAMAGES

-5-

III.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT AND

## THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

The relevant terms of the contract are outlined above and are attached hereto

Every contract, including the mortgage contracts of Plaintiffs, contains an implied covenant of good faith and fair dealing that requires lenders to perform their obligations in good faith and to deal fairly with Plaintiffs.

At all times relevant, there existed a valid contract between Plaintiffs and Bucks (and then subsequently binding upon its successors, FCI and MDJ).

Defendants breached the contract and their duties of good faith and fair dealing as alleged above insofar as they refused to honor their contractual obligations.

As a direct, proximate, and legal result of the aforementioned breaches of contract and of the covenant of good faith and fair dealing, Plaintiffs have suffered general and special damages in an amount to be proven at trial.

Further, due to the Defendant Bucks' malfeasance and intentional breach of the contract, Plaintiffs are entitled to exemplary damages as against Defendants in an amount necessary to punish Defendant for their actions and ensure that they do not repeat their behavior in the future.

///

///

///

///

VERIFIED COMPLAINT FOR DAMAGES

-6-

## IV.

## SECOND CAUSE OF ACTION

## FRAUDULENT INDUCEMENT TO CONTRACT

Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

At all times relevant, Bucks had no intent to actually perform on the contract.

As a result of the breaches above-stated, Plaintiffs have suffered general and special damages in an amount to be proven at trial. Further, Plaintiffs have suffered severe emotional distress secondary to these acts and is alleging damages for pain, suffering, and emotional distress. Additionally, by virtue of the above, Plaintiffs are entitled to exemplary damages of no less than $1,000,000.00.

## V.

## THIRD CAUSE OF ACTION

## COMMON LAW RESTITUTION/UNJUST ENRICHMENT

Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

Defendants have profited by their bad acts in a manner and amount that shocks the conscience.

Plaintiffs have conferred a substantial benefit upon Defendants. There is no commercially reasonable justification for the ill-gotten gains afforded Defendants, and each of them. Instead, the sole justification for the financial gains achieved and maintained by Defendants is unjust profiteering at the expense of Plaintiffs.

Because of the unjust enrichment of Defendants, Plaintiffs have sustained damages in an amount to be determined at trial and seek full disgorgement and restitution of those defendants'

VERIFIED COMPLAINT FOR DAMAGES

-7-

unjust enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful or wrongful conduct alleged above.

## VI

### FOURTH CAUSE OF ACTION

### SPECIFIC PERFORMANCE

Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

Real property is recognized as unique such that monetary damages are insufficient to properly compensate Plaintiffs for their loss.

At all times relevant, the parties had a contract in which Bucks, and now its successors, agreed to accept the sum of $5,000 as satisfaction of the DOT.

Plaintiffs have no adequate remedy at law and therefore seek specific performance for this contract.  Plaintiffs are ready, willing, and able to pay to the present hold of the Second the sum of $5,000.  Plaintiffs have repeatedly tendered performance, which said tender has been rejected.

## VII.

### FIFTH CAUSE OF ACTION

### ACCOUNTING

Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

By virtue of the above acts, and pursuant to the remedies sought herein, Defendants must disgorge any and all ill-gotten gains from their fraudulent misrepresentations and actions. Accordingly, Plaintiffs demand an accounting from each Defendant to identify all income, expenses, and other business-related matters which Plaintiffs need in order to assess the amount of their damages.

VERIFIED COMPLAINT FOR DAMAGES

-8-

As a result of the aforementioned, Defendants have received money, a portion of which is due to Plaintiffs as previously alleged.

The amount of money due from Defendants to Plaintiffs is unknown to Plaintiffs and cannot be ascertained without an accounting of the business of Defendants from 2008 to the present.

Plaintiffs are informed and believe and thereon allege that the amount due to Plaintiffs exceeds $1,000,000.00.

**VIII**

**SIXTH CAUSE OF ACTION**

**DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiffs hereby incorporate by reference the preceding paragraphs as if they were fully set forth herein.

On each cause of action stated above, Plaintiffs will be irreparably injured in the future by the Defendants' misconduct.

Plaintiffs seek a judgment declaring that Defendants must cease the activities described herein, provide Plaintiffs with adequate remedies, including, without limitation, refunds and/or credits of all unfair, unlawful or otherwise improper ill-gotten gains and provide for adequate procedures and policies to ensure that Defendants' unlawful conduct does not continue. Such policies and procedures include, without limitation, that Defendants honor contractual obligations incident to their purchase of secured debts.

Plaintiffs do not have a plain, adequate, speedy, or complete remedy at law to address the wrongs alleged in this Complaint and will suffer irreparable injury because of Defendants' misconduct unless injunctive and declaratory relief is granted.   By reason of the foregoing, Plaintiffs are entitled to declaratory and injunctive relief as set forth herein.   Specifically, without limitation, Plaintiffs are entitled to a declaratory order that 1) the subject NOD is

VERIFIED COMPLAINT FOR DAMAGES

-9-

invalid; 2) that Plaintiffs have substantially complied, or tendered performance (thus complying with their obligations under the contract), with the above contract; and by virtue of the acts described herein, equity commands that Plaintiffs be deemed to have substantially complied in full and the loan satisfied in full; 3) that the loan is otherwise unenforceable to the extent it demands in excess of $5,000.

## IX.

### SEVENTH CAUSE OF ACTION

### BAD FAITH DENIAL OF CONTRACT

Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

When Defendants FCI and MDJ purchased the DOT from Bucks, they "stepped into the shoes" of their predecessor in interest. By purchasing the DOT (a contract), FCI and Bucks purchased all of the contractual rights and obligations thereto. This includes an obligation to honor all contractual provisions incident to the contract, including any compromise or accord and satisfaction thereto.

Defendants FCI and Bucks breached their obligations under the contract by failing and/or refusing to honor the contractual provisions thereto; specifically by failing to recognize or honor the settlement agreement.

Plaintiffs have attempted many times to resolve this matter informally to no avail. Defendants FCI and Bucks have previously acknowledged in writing the existence of the settlement agreement/contract but continue to refuse to honor its terms. In the alternative, Plaintiffs are informed and believe and thereon allege that ALL Defendants deny the existence of the contract in total, for reasons as of yet are not entirely known to Plaintiffs.

Defendants' failure to acknowledge the contract is in bad faith and without probable cause.

VERIFIED COMPLAINT FOR DAMAGES

-10-

As a direct legal and proximate result of Defendant FCI's and Bucks' conduct, Plaintiffs have been damaged in an amount to be proven at trial, but in no less than the sum of $1,000,000 dollars.

As a direct legal and proximate cause of Defendants FCI's and Buck's conduct, Plaintiffs have suffered severe emotional distress and are entitled to compensation in an amount a trier of fact deems appropriate, and as according to proof.

In addition, the above-Defendants have acted in bad faith (in part by denying the existence of the contract) and have intentionally or with reckless disregard failed/refused to honor the terms of the binding contract. Due to this behavior, Plaintiffs are entitled to exemplary damages in an amount to be determined by a trier of fact, for a sum sufficient to ensure that Defendants do not repeat this behavior in the future.

### X.

### EIGHTH CAUSE OF ACTION

### VIOLATION OF BANKRUPTCY DISCHARGE INJUNCTION

Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

Plaintiffs' Estate enjoys the protections of a Bankruptcy Discharge as noted above.

The entry of a Bankruptcy Discharge imposes a permanent injunction against all creditors, enjoining them from seeking to collect on debt discharged therein. 11 U.S.C. § 524.

By continuing their collections activities, Defendants, and each of them, are in violation of the Bankruptcy Discharge Injunction and Plaintiffs are entitled to general and special damages, and attorney's fees and costs of suit.

///

///

///

///

VERIFIED COMPLAINT FOR DAMAGES

-11-

# XI.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

### 15 U.S.C. §§ 1601, 1692 *et seq*

Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

As stated above, Defendants, and each of them, have specifically made attempts to collect on the Second DOT against Plaintiffs in their individual capacity, a debt discharged in Bankruptcy.  Defendants have repeatedly sent correspondence, both written and oral, which specifically provided that they are debt collectors seeking to collect on a debt.

The Fair Debt Collections Practices Act ("FDCPA") at 15 U.S.C. §§ 1601, 1692 *et seq* prohibits creditors from seeking to collect on debt that is no longer valid.  This necessarily includes debt discharged in Bankruptcy.  Defendants are "debt collectors" as that term is defined by statute or other law, and are bound by the obligations of the FDCPA.

By continuing to attempt to collect on debt discharged in Bankruptcy, Defendants, and each of them, are in direct violation of the FDCPA.  Defendants at all times knew of the Bankruptcy protections afforded to Plaintiffs, yet Defendants, and each of them, continued their unlawful collections activities willfully and knowingly.

The FDCPA provides for strict liability damages in the amount of $1,000 per defendant for the above-violations.

Plaintiffs seek recovery of all statutory damages for violation of the FDCPA, including the statutory penalty identified above, and for any and all such and further relief this Court deems appropriate/permitted by law.

///

///

///

VERIFIED COMPLAINT FOR DAMAGES

-12-

## XII.

## TENTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA FAIR DEBT COLLECTIONS PRACTICES ACT

### California Civil Code §§ 1788 *et seq*

Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

As stated above, Defendants, and each of them, have specifically made attempts to collect on the Second DOT against Plaintiffs individually, a debt discharged in Bankruptcy. They have repeatedly sent correspondence, both written and oral, which specifically provides that they are debt collectors seeking to collect on a debt.

The California Fair Debt Collections Practices Act ("CFDCPA") at California Civil Code §§ 1788 *et seq* prohibits creditors from seeking to collect on debt that is no longer valid. This necessarily includes debt discharged in Bankruptcy. Defendants are "debt collectors" as that term is defined by statute or other law, and are bound by the obligations of the FDCPA.

By continuing to attempt to collect on debt discharged in Bankruptcy, Defendants, and each of them, are in direct violation of the CFDCPA.

The CFDCPA provides for strict liability damages in the amount of $1,000 per defendant plus attorney's fees for the above-violations.

Plaintiff seeks recovery of all statutory damages for violation of the CFDCPA, including the statutory penalty identified above, and for any and all such and further relief this Court deems appropriate/permitted by law.

## XIII

## ELEVENTH CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681 *et seq*

Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

VERIFIED COMPLAINT FOR DAMAGES

-13-

1   The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681 et seq., the "Fair Credit

2   Reporting Act (FCRA) and 15 U.S.C. §§ 1692-1692p, the "Fair Debt Collection Practices Act."

3   Defendants are reporting derogatory information about Plaintiffs to one or more consumer

4   reporting agencies (credit bureaus) as defined by 15 U.S.C. § 1681a.

5       Plaintiffs have repeatedly disputed the accuracy of the derogatory information reported

6   by the Defendants to the Consumer Reporting Agencies.

7       Defendants, and each of them, have failed and/or refused to respond to Plaintiff's

8   disputes, have failed to provide evidence of the alleged debt to Plaintiffs nor to the Consumer

9   Reporting Agency Experian, and continue to report these items to the Consumer Reporting

10  Agencies.

11      Defendants have not provided notice of this disputed matter to the credit bureaus and are

12  therefore in violation of 15 U.S.C. § 1681 which requires this notice.

13

14      Defendants have failed and/or refused to comply with 15 U.S.C. § 1692 in that they

15  have, not within 5 days of Plaintiffs' objections (nor at any other time), sent Plaintiffs written

16  documentation supporting any claim that the debt is validly enforceable as against Plaintiffs.

17  Defendants have not notified Plaintiffs of any determination that Plaintiffs' dispute is frivolous

18  within the 5 days required by 15 U.S.C. § 1681, nor at any other time.

19      Plaintiffs seek a reasonable and fair judgment against Defendants for willful

20  noncompliance of the Fair Credit Reporting Act and seek statutory remedies as defined by 15

21  U.S.C. § 1681n and demand at least:

22      -$1,000 for actual damages against each Defendant;

23      -for general and special damages in an amount to be proven at trial;

24      -exemplary damages in an amount deemed reasonable and necessary and designed to not

25  only punish Defendants for their actions but also to ensure that Defendants' behavior will not

26  occur in the future, either to Plaintiffs or other members of the general public;

27

28
                        VERIFIED COMPLAINT FOR DAMAGES

                                    -14-

-Permanent injunction against Defendants from reporting derogatory information about Plaintiffs to Consumer Reporting Agencies (credit bureaus)

-Permanent injunction against Defendants for selling this alleged debt to any other party

-Any further relief which the court may deem appropriate.

In addition to the above statutory damages, Plaintiffs are further entitled to general and special damages according to proof for damages arising from Defendants' conduct as alleged herein. Defendants' actions are the direct legal and proximate result of harm to Plaintiffs. Plaintiffs have been harmed by Defendants' actions in that Plaintiffs have been deemed by the Credit Reporting Agencies to be a sufficient enough credit risk that Plaintiffs have been denied extension of credit by other lenders and/or have obtained credit but at much higher interest rate than they would have otherwise been able to secure.

## XIV.

### TWELFTH CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING ACT

### California Civil Code § 1785.10 *et seq*

Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

Defendants are reporting derogatory information about Plaintiffs to one or more consumer reporting agencies (credit bureaus) as defined by the Consumer Credit Reporting Act ("CCRA") codified at California Civil Code § 1785.10 et seq.

Plaintiffs have repeatedly disputed the accuracy of the derogatory information reported by the Defendants to the Consumer Reporting Agencies.

Defendants, and each of them, have failed and/or refused to respond to Plaintiffs' disputes, have failed to provide evidence of the alleged debt to Plaintiffs nor to the Consumer Reporting Agencys, and continue to report these items to the Consumer Reporting Agencies.

VERIFIED COMPLAINT FOR DAMAGES

-15-

1    Defendants have not provided notice of this disputed matter to the credit bureaus and are

2    therefore in violation of the CCRA which requires this notice.

3    Defendants have failed and/or refused to comply with the CCRA in that they have not,

4    within 5 days of Plaintiffs' objections (nor at any other time), sent Plaintiffs written

5    documentation supporting any claim that the debt is validly enforceable as against Plaintiffs.

6    Defendants have not notified Plaintiffs of any determination that Plaintiffs' dispute is frivolous

7    within the time frame required under the CCRA.

8    Plaintiffs seek a reasonable and fair judgment against Defendants for willful

9    noncompliance of the CCRA and seeks statutory remedies as defined therein and demand at

10   least:

11   -$1,000 for statutory damages against each Defendant;

12   -for general and special damages in an amount to be proven at trial;

13   -exemplary damages in an amount deemed reasonable and necessary and designed to not

14   
15   only punish Defendants for their actions but also to ensure that Defendants' behavior will not

16   occur in the future, either to Plaintiffs or other members of the general public;

17   -Permanent injunction against Defendants from reporting derogatory information about

18   Plaintiffs to Consumer Reporting Agencies (credit bureaus)

19   -Permanent injunction against Defendants for selling this alleged debt to any other party

20   -Any further relief which the court may deem appropriate.

21   In addition to the above statutory damages, Plaintiffs are further entitled to general and

22   special damages according to proof for damages arising from Defendants' conduct as alleged

23   herein. Defendants' actions are the direct legal and proximate result of harm to Plaintiffs.

24   Plaintiffs have been harmed by Defendants' actions in that Plaintiffs have been deemed

25   by the Credit Reporting Agencies to be a sufficient enough credit risk that Plaintiffs have been

26   
27   
28   

VERIFIED COMPLAINT FOR DAMAGES

-16-

denied extension of credit by other lenders and/or have obtained credit but at much higher

interest rate than they would have otherwise been able to secure.

## XV.

### THIRTEENTH CAUSE OF ACTION

### FRAUD AND CONSPIRACY TO COMMIT FRAUD

Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

Plaintiffs are informed and believe and thereon allege that at the time of entering into the

above settlement (contract) Defendant Bucks specifically did not intend to be bound thereby

and specifically intended for Plaintiffs to rely on their false representations.

Plaintiffs are further informed and believe and thereon allege that Defendants FCI and

MDJ, at the time of purchasing the note from their predecessors in interest, knew or should have

known that the above contract had been entered into, yet purchased the loan with the intent, or

with reckless disregard, to foreclose on the property and refuse to honor this contract.

Because the above-contract was confirmed in writing by Bucks, had Defendants FCI and

MDJ actually obtained a copy of the entire file in relation to this contract, they would have, or

with reasonable diligence would have, realized that this contract had been entered into and that

Defendants' contractual rights were limited to $5,000.

Had Defendants done their due diligence when purchasing this debt, they would have

honored the terms of the binding contract, or they would have chosen to not purchase the debt.

By failing to perform their due diligence, Defendants have failed to act as a reasonably prudent

person in a similar situation would have acted.  Defendants' actions were willful or performed

with reckless disregard for the law and/or Plaintiffs' rights.

///

///

///

EXHIBIT A TO NOTICE OF REMOVAL
PAGE 22

## XVI.

## FOURTEENTH CAUSE OF ACTION

## UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200.

Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

The Unfair Competition Law ("UCL"), codified at Bus. & Prof. Code § 17200 et seq., makes it unlawful for a business to engage in a "business act of practice" that is "unfair" or "unlawful" or "fraudulent." Plaintiffs are informed and believe and thereon allege that Defendants have a business practice of writing predatory loans they know or should know will fail.

An "unlawful" business activity includes "anything that can properly be called a business practice and that is at the same time forbidden by law." (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3rd 94, 111.) Prohibited "unlawful" practices are any practices forbidden by law whether civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made. (*Farmers Ins. Exchange v. Super. Ct.* (1992) 2 Cal.4th 377, 383.)

A business practice is "fraudulent" within the meaning of § 17200 et seq. if members of the public are likely to be deceived by the business practice. (*Bank of the West v. Super. Ct.* (1992) 2 Cal. 4th 1254; *Committee on Children's Television v. General Foods Corp.* (1983) 35 Cal. 3rd 197.)

The UCL authorizes injunctive relief to prevent unlawful, unfair, or fraudulent business acts or practices, and both restitution and disgorgement of money or property wrongfully obtained by means of such unfair competition. (*Cal.Bus. & Prof. Code* § 17203.)

An action under the UCL may be brought by any person, corporation or association or by any person acting for the interests of itself, its members, or the general public. (*Cal.Bus. & Prof. Code* § 17204.)

In addition, in a telephone call in or around September 2016, "Melissa" at MDJ/FCI informed Plaintiffs that they routinely purchase loans without getting documents from their predecessor.

By performing the acts described above, Defendants are engaging in unfair business practices so as to justify the relief sought under the UCL, which are the direct, legal and proximate cause of damage to Plaintiffs in an amount to be proven at trial.

## XVII

## FIFTEENTH CAUSE OF ACTION

## FRAUDULENT BUSINESS PRACTICES IN VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200.

Plaintiffs hereby incorporate by reference the preceding paragraphs as if they were fully set forth herein.

Section 17200 of the California Business and Professions Code provides that "unfair competition shall mean and include any...fraudulent business act or practice."

Plaintiffs are informed and believe and thereon allege that Defendants continue in their fraudulent business practices as described herein and are in direct violation of B&P 17200.

As a direct, legal, and proximate result of the above, Plaintiffs have been damaged in an amount to be proven at trial

## XVIII.

## PRAYER

WHEREFORE Plaintiffs pray:

VERIFIED COMPLAINT FOR DAMAGES

-19-

a. That Defendants' conduct alleged herein be declared, adjudged, and decreed to be unlawful;

b. An award of treble the amount of damages suffered by Plaintiffs;

c. Compensatory, consequential, and general damages in an amount to be determined at trial;

d. For emotional distress damages;

e. Costs and disbursements of the action;

f. Restitution of all improperly collected funds and/or disgorgement of Defendants' ill-gotten gains, and the imposition of an equitable constructive trust over all such amounts for the benefit of the public;

g. Pre and post-judgment interest;

h. That the Court, pursuant to Bus. & Prof. Code §§ 17200, 17203, 17535 *et seq*, preliminarily and permanently enjoin Defendants, and each of them from continuing their fraudulent acts against public (this will be the subject of a motion later on in this case.)

i. For an order requiring Defendants, their agents, employees, assigns, and all persons acting in concert or participating with them:

(1) to identify, locate, and repay to each consumer or mortgager statewide the full amounts of monies improperly acquired from that consumer, with the Court retaining jurisdiction to supervise Defendants' effort to ensure that all reasonable means are used to comply with the Court's directives;

(2) to disgorge all monies acquired by means of any act found by this Court to be an unlawful or fraudulent business practice under Bus. & Prof. Code § 17200 et seq. and in accordance with applicable law under *Kraus v. Trinity Management Services, Inc.* (2000) 23 Cal. 4th 116, *Cortez v. Purolator Air Filtration Products Company* (2000) 23 Cal. 4th 163, Fletcher v. *Security Pacific National Bank* (1979) 23 Cal. 3rd 442, *People v. Thomas Shelton*

EXHIBIT A TO NOTICE OF REMOVAL
PAGE 25

*Powers* (1992) 2 Cal. App. 4th 330, and *People ex rel. Smith v. Parkmerced Co.* (1988), 198 Cal. App. 3rd 683;

    j.  General damages against each Defendant individually and jointly and severally in an amount to be proven at trial of at least $1,000,000.00;

    k.  Special damages against each Defendant individually and jointly and severally in an amount to be proven at trial of at least $1,000,000.00;

    l.  For exemplary damages against Defendants and each of them, individually and jointly and severally of at least $1,000,000.00;

    m.  For civil penalties under Business & Professions Code section 17200 *et seq.;*

    n.  For a Declaratory Order as requested above;

    o.  For an Order of Specific Performance compelling defendants, and each of them, to honor the terms of the contract and accept the sum of $5,000.00 as full and final settlement of the Second DOT.

    p.  For an order that Plaintiffs have complied with the terms of the contract and that, accordingly, this Court order Defendants to sign a Reconveyance of the Second DOT or, if Defendants refuse or fail to do so, that this Court direct its Clerk to enter an Order on Defendants' behalf reconveying the subject DOT to Plaintiffs;

    q.  For any and all such further relief as may be deemed appropriate.

## XIX.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial in this matter.

VERIFIED COMPLAINT FOR DAMAGES

-21-

## VERIFICATION

I, the below-signed, declare, verify, and affirm,

I have read the foregoing VERIFIED COMPLAINT FOR DAMAGES, know its contents, and verify these pleadings based upon facts personally known to me. The allegations therein are true of my own knowledge, except as to those matters stated on information and/or belief, and as to those matters I believe them to be true.

This verification is made under penalty of perjury under the laws of the State of California.

Dated:  October 6, 2016

                                 _____
                                 LAURA BROOKS
                                 By and through her Attorney in Fact
                                 pursuant to a valid Power of Attorney
                                 Plaintiff *in pro per*

EXHIBIT A TO NOTICE OF REMOVAL
PAGE 27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFICATION

I, the below-signed, declare, verify, and affirm,

I have read the foregoing VERIFIED COMPLAINT FOR DAMAGES, know its

contents, and verify these pleadings based upon facts personally known to me.  The allegations

therein are true of my own knowledge, except as to those matters stated on information and/or

belief, and as to those matters I believe them to be true.

This verification is made under penalty of perjury under the laws of the State of

California.

Dated:  October 6, 2016

*Laura Brooks by* ⟨signature⟩
LAURA BROOKS
By and through her Attorney in Fact
John  Brooks, pursuant to a valid Power of
Attorney
Plaintiff *in pro per*

VERIFIED COMPLAINT FOR DAMAGES

-23-

VERIFICATION

I, the below-signed, declare, verify, and affirm,

I have read the foregoing VERIFIED COMPLAINT FOR DAMAGES, know its contents, and verify these pleadings based upon facts personally known to me. The allegations therein are true of my own knowledge, except as to those matters stated on information and/or belief, and as to those matters I believe them to be true.

This verification is made under penalty of perjury under the laws of the State of California.

Dated:  October 6, 2016

JOHN BROOKS
Plaintiff *in pro per*

EXHIBIT B

9902002333
87486

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

See attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN BROOKS, LAURA BROOKS

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

OCT 06 2016

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By: C. Waggoner, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Placer County Superior Court

10820 Justice Center Dr.
Roseville, CA 95678

CASE NUMBER:
*(Número del Caso):* **SCV0038498**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Brooks Laura Brooks 1682 Chilton Dr. Roseville, CA 95747

DATE: OCT 06 2016
*(Fecha)*

Clerk, by C. Waggoner , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [XX] on behalf of (specify): **FCI LENDER SERVICES, INC., a Corporation**

under: [XX] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ATTACHMENT TO SUMMONS (SUM-100)

List of Defendants

FCI LENDER SERVICES, INC, a Corporation; MDJ PROPERTIES, LLC, a Limited Liability
Company; BUCKS FINANCIAL, LLC, a Limited Liability Company; SN SERVICING
CORPORATION, a Corporation; MADISON MANAGEMENT SERVICES, LLC, a Limited
Liability Company; CALIFORNIA TD SPECIALISTS;  HOMECOMINGS FINANCIAL, LLC,
a Limited Liability Company; OCWEN LOAN SERVICING

AND DOES 1 TO 50

BE ADVISED THAT PLAINTIFFS HAVE FILED AN EX PARTE APPLICATION TO BE HEARD IN THE PLACER COUNTY SUPERIOR COURT LOCATED AT 10820 JUSTICE CENTER DRIVE, ROSEVILLE, CA 95678.  PLAINTIFFS WILL BE SEEKING A TEMPORARY RESTRAINING ORDER AND ISSUANCE OF AN ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION.  THE HEARING WILL BE ON FRIDAY, OCTOBER 14, 2016 AT 8:00 A.M. IN DEPARTMENT 42.

IF YOU DO NOT APPEAR AT THE HEARING, THE MATTER MAY BE DECIDED AGAINST YOU IN YOUR ABSENCE

# Superior Court of the State of California
## In and For The County of Placer

CASE NO. SCV0038498

## A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:

DATE: January 31, 2017
TIME: ☒10:00 A.M. **If your case number starts with "S-CV"**
       ☐10:30 A.M. **If your case number starts with "S-CV" and is deemed Complex**
       ☐11:00 A.M. **If your case number starts with "M-CV"**
DEPT: **40 - 10820 Justice Center Drive, Roseville, California**

### IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:

The judge does **not** decide whether you win or lose your case at this court date. If you do not file an "Answer," or other "responsive pleading," you will automatically lose this case, usually before this court date. The Answer or responsive pleading must be given to the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees.

You can get free help filling out your Answer or responsive pleading at the court's Legal Help Center. For more information or to schedule an appointment, go to the court's website at www.placer.courts.ca.gov and select "Legal Help Center."

### INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:

15 calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case ꓘ ⁓ t Conference. You can see the court's proposed orders 12 calendar days before ⁓ gement Conference on the court's website, www.placer.courts.ca.gov. Sel⁓ ⁓ings and Calendar Notes," then "Civil Case Management Conference." If ⁓ ⁓ ⁓ternet access, call the court at 916-408-6000 to get the information.

**The court does not provide a court reporter** at Case Management Conferences or Law & Motion hearings. If you want the proceedings reported, you must provide your own court reporter at your own expense.

IF YOU WANT TO APPEAR BY TELEPHONE, you must schedule your telephonic appearance through the court's website, www.placer.courts.ca.gov. Select "Telephonic Appearance System." For more information on the telephonic appearance system, please visit our "How to" guide on the website. YOU MUST PAY ONLINE TO USE THIS SERVICE UNLESS YOU HAVE BEEN GRANTED A FEE WAIVER BY THE COURT.

Superior Court of California, County of Placer
Form No. PL-CV901
Effective 09-18-2014

www.placer.courts.ca.gov

EXHIBIT B TO NOTICE OF REMOVAL
PAGE 33

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John Brooks<br>Laura Brooks<br>1682 Chilton Dr.<br>Roseville, CA 95747<br>TELEPHONE NO.: (916) 532-8489          FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiffs in pro per | F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF PLACER<br><br>OCT 06 2016<br><br>JAKE CHATTERS<br>EXECUTIVE OFFICER & CLERK<br>By: C. Wagonner, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Placer
STREET ADDRESS: 10820 Justice Center Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Roseville, CA 95678
BRANCH NAME:

CASE NAME:
Brooks v. FCI Lender Services et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: SCV0038498 |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
✓ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action *(specify):* 15
5. This case ☐ is   ✓ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 6, 2016

John Brooks and Laura Brooks, by John Brooks
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT B TO NOTICE OF REMOVAL
PAGE 34

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT B TO NOTICE OF REMOVAL
PAGE 35

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

EXHIBIT B TO NOTICE OF REMOVAL
PAGE 36

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is 301 N. Lake Avenue, Suite 1100, Pasadena, California  91101-4158.

On October 31, 2016, I served a copy of the foregoing document entitled:

**NOTICE OF REMOVAL BY DEFENDANT FCI LENDER SERVICES, INC. PURSUANT TO 28 U.S.C. §§ 1441(b) & 1331 [FEDERAL QUESTION]**

on the interested parties in said case as follows:

**Served By Means Other Than Via The Court's CM/ECF System:**

*Plaintiffs Pro Per*

John Brooks
Laura Brooks
1682 Chilton Dr.
Roseville, CA  95747

Tel:  (916) 532-8489

**[X]** **BY MAIL:**    I am readily familiar with the firm's practice of collection and processing correspondence by mailing.  Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 31, 2016, in Pasadena, California.

_____              _____
      Jill Ashley                                                  */s/ Jill Ashley*
      (Print Name)                                        (Signature of Declarant)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CERTIFICATE OF SERVICE