UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROOKS, LAURA BROOKS,<br><br>Plaintiffs,<br><br>v.<br><br>FCI LENDER SERVICES, INC; MDJ PROPERTIES, LLC; BUCKS FINANCIAL, LLC; SN SERVICING CORPORATION; MADISON MANAGEMENT SERVICES, LLC; CALIFORNIA TD SPECIALISTS; HOMECOMING FINANCIAL, LLC; OCWEN LOAN SERVICING; DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:16-cv-02598-KJM-KJN<br><br><br><br>ORDER |

    This breach of contract action was removed to federal court initially because it included three federal claims. Those federal claims have since been dismissed. Plaintiffs now move to remand the case back to state court. Mot., ECF No. 53. One former defendant and one current defendant have filed oppositions. ECF Nos. 56-57. The court submitted the motion without a hearing on October 16, 2017. Min. Order, ECF No. 65. As explained below, plaintiffs' motion to remand is GRANTED.

////

1

I.  **BACKGROUND**

This case stems from a contract dispute over amounts owed on a note secured by real property in Roseville, California. Compl., ECF No. 1-1. Plaintiffs are the property owners. *Id.* In October 2016, plaintiffs brought a quiet title action in state court against the following entities that had an alleged interest in the property: FCI Lender Services, Inc.; SN Servicing Corporation; Bucks Financial V, LLC; California TD Specialists; MDJ Properties, LLC; Madison Management Services, LLC; Homecomings Financial; and Ocwen Loan Servicing. *Id.* Beyond seeking quiet title, plaintiffs brought state-law claims for breach of contract, common law fraud and violations of California Business and Professions Code section 17200. *Id.* Plaintiffs also originally brought three federal claims: Violation of a bankruptcy discharge injunction under 11 U.S.C. § 524; violation of the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1601, 1692; and violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681.

Invoking federal question jurisdiction based on the latter three claims, defendant FCI Lender removed the case to federal court. Removal Notice, ECF No. 1 (filed Oct. 31, 2016). FCI Lender then moved to dismiss. ECF No. 8. The court dismissed the three federal claims against FCI Lender only, with leave to amend as to one of the three claims. Order Jan. 23, 2017, ECF No. 31 at 22. The court allowed the federal claims to continue against other defendants. On June 29, 2017, plaintiffs filed the operative, first amended complaint. First Am. Compl. ("FAC"), ECF No. 46 (filed June 29, 2017). The amended complaint names the same defendants, *id.* ¶¶ 2-9, but abandons all federal claims and asserts only state law claims. Since then, plaintiffs have dismissed defendants FCI Servicer and Cal TD Specialists. *See* Notice of Voluntary Dismissals, ECF Nos. 73, 74. The dismissed defendants are relevant to this remand order, as they were named in the initial complaint. *See Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1213 (9th Cir. 1998) (explaining courts analyze the propriety of removal based on pleadings at time of removal, without referencing subsequent changes), *overruled on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1567 n.1 (2016).

Plaintiffs now argue removal was improper and seek to remand the case to state court. Mot. at 4-7. FCI Lender and SN Servicing filed oppositions. FCI Opp'n, ECF No. 56; SN

Opp'n, ECF No. 57. Although FCI Lender has since been dismissed, its opposition brief informs the court's remand decision.

II. ANALYSIS

A. Removal

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) 28 U.S.C. § 1331, which grants district courts federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"; and (2) 28 U.S.C. § 1332, which grants district courts diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties are in complete diversity.

Here, removal was proper under § 1331, as plaintiffs initially brought federal statutory claims and a bankruptcy claim. Removal Notice at 2-4. Although plaintiffs now argue this case never presented a substantial federal question and therefore should never have been removed, they admit their complaint included these three federal claims. Mot. at 5. In fact, plaintiffs' operative complaint alleges, "this Court at [the time of removal] had original jurisdiction pursuant to 28 U.S.C. § 1331." FAC ¶ 13.

Plaintiffs' decision to abandon their federal claims does not retroactively invalidate removal. "[T]he propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (citations omitted). "[P]ost-removal amendments to the pleadings cannot affect whether a case is removable[.]" *Id.*; *Sparta*, 159 F.3d at 1213 ("Jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments.").

B. Retaining Jurisdiction

1. Supplemental Jurisdiction

Although removal was proper, now that the federal basis for removal is absent the court may decline to exercise jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c) (explaining federal district courts may decline to exercise supplemental jurisdiction

3

over state claims if the court has dismissed all claims over which it has original jurisdiction). In deciding whether to exercise supplemental jurisdiction, courts consider "the values of judicial economy, convenience, fairness, and comity[,]" but ultimately apply a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Here, plaintiffs argue against the court's exercise of supplemental jurisdiction because there "are no remaining federal questions; nor are there any facts which could conceivably give rise to federal questions in the future." Mot. at 7. The timing of plaintiffs' remand motion is not ideal, as the case has been pending in this court for over a year and the court has already ruled on the merits of one dismissal motion and granted plaintiff multiple extensions to file an amended complaint. Nonetheless, the case is in the pleading stages and now exclusively comprises state-law claims. Considering *Carnegie-Mellon*'s strong presumption against the exercise of supplemental jurisdiction in this scenario, the court DECLINES to exercise supplemental jurisdiction.

2. Diversity Jurisdiction

Because post-removal pleadings may raise additional jurisdictional hooks, the court's jurisdiction here could continue to adhere if the operative complaint invokes diversity jurisdiction under 28 U.S.C. § 1332. *Williams*, 471 F.3d at 977 (finding jurisdiction proper where, although federal question claims in the initial complaint had been dismissed, "the amended complaint presented an independent jurisdictional basis for the state law claims, namely diversity."). This rule comports with the well-established proposition that a district court presented with a case invoking its jurisdiction has "a virtually unflagging obligation to exercise the jurisdiction conferred upon [it] by the coordinate branches of government[.]" *Id.* (citation and quotation marks omitted).

Diversity jurisdiction is proper only where the amount in controversy exceeds $75,000 and the parties are completely diverse in their citizenship. 28 U.S.C. § 1332. Here, diversity of citizenship is unclear. Plaintiffs are California citizens, and they allege that every named defendant is also a California citizen. FAC ¶¶ 2-9. Even if the court were to disregard the

citizenship of now-dismissed defendants FCI Lender and California TD Specialists, diversity would be unclear because existing defendants SN Servicing and Bucks Financial, LLC are also alleged to be California citizens. FAC ¶¶ 4-5. Neither FCI Lender nor SN Servicing have rebutted these allegations. Indeed, FCI Lender concedes "the identity and citizenship of [Bucks's] members is not yet known." FCI Opp'n at 7. Although FCI Lender contends, without support, that SN Servicing is actually a citizen of Alaska and Louisiana, *id.*, SN Servicing does not make this argument itself. *See generally* SN Opp'n.

Where a court adjudicating a remand motion faces jurisdictional doubt, the case "should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). With no clear basis to exercise jurisdiction, the court GRANTS plaintiffs' motion to remand.

### III. CONCLUSION

Plaintiffs' motion to remand is GRANTED. Considering the initial removal was proper, no attorneys' fees shall be awarded in connection with this motion. *Cf. Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 864 (9th Cir. 2003) ("A court may award attorney fees when removal is wrong as a matter of law.") (citation omitted).

This resolves ECF No. 53. The Clerk of the Court is ordered to close this case.

IT IS SO ORDERED.

DATED: January 19, 2018.

_____
UNITED STATES DISTRICT JUDGE